# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**HOLLI L. BOISON,**

    **Plaintiff,**

**v.**

**H. D. M. INC,**
**d/b/a STRAWBERRY PATCH LOUNGE,**

    **Defendant.**

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her complaint, Plaintiff states as follows:

### Parties

2. Plaintiff, Holli Boison, is a resident of Hillsborough County, Florida.

3. Defendant, H. D. M, Inc., is a bar and package lounge operating as "Strawberry Patch" in Hillsborough County, Florida.

4. Plaintiff was employed by Defendant as bar tender from approximately November 8, 2021, until May 1, 2022.

## Jurisdiction

5. Plaintiff resides in Hillsborough County, Florida.

6. Defendant conducts business in Hillsborough County, Florida.

7. Defendant employed Plaintiff in Hillsborough County, Florida.

8. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

9. Defendant employed Plaintiff as a bar tender.

10. Plaintiff was a non-exempt employee paid on an hourly basis.

11. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

12. Defendant is a bar and package lounge and provides related services in Hillsborough County, Florida.

13. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

15. Defendant owns and operates a bar and package lounge in Hillsborough County, Florida.

16. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

17. At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

18. During her employment, there were weeks when Plaintiff worked at least 45 hours per week.

19. Plaintiff was not paid overtime wages for all of the hours she worked while employed by Defendant.

20. Plaintiff was not subject to any overtime exemptions.

21. Defendant engaged in an illegal policy of requiring Plaintiff to work 45 or more hours during some workweeks of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

22. Defendant did not record all of the time worked by Plaintiff during her employment, which is a direct violation of 29 C.F.R. § 516.

23. Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

24. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

25. Specifically, Defendant suffered and permitted Plaintiff to work for at least 20 minutes before her shift, each day, without pay in order to prepare Defendant's facility.

26. Defendant also suffered and permitted Plaintiff to work 20 minutes or more per day after her shift ended to clean Defendant's facility.

27. Plaintiff was a minimum wage employee at all times during her employment with Defendant, therefore, when Plaintiff worked off the clock, she received less than Florida's minimum wage.

28. At all times during Plaintiff's employment with Defendant, Plaintiff was entitled to receive at least $10 per hour of work.

29. It was necessary and required for Plaintiff to arrive at the facility early – before the start of her shift -in order for Plaintiff to perform her job duties and responsibilities.

30. It was necessary and required for Plaintiff to remain at the facility– after her shift ended -in order for Plaintiff to perform her job duties and responsibilities.

31. The off the clock work performed by Plaintiff were worked in Defendant's facility in full view of Defendant's employees and managers.

32. Some of the duties performed by Plaintiff off-the-clock was setting up the bar and cleaning the bar at the end of the day.

33. Plaintiff regularly and habitually worked between 2.5 hours and 5 hours of unpaid overtime per week during the entirety of her employment.

34. Plaintiff regularly and habitually worked 5 hours of unpaid regular hours per week during her employment with Defendant.

35. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

36. Defendant was required to compensate Plaintiff at a rate of at $10 for all hours worked up to 40 in a single workweek.

37. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

38. As of this date, Plaintiff still has not been paid Florida's minimum wage for all hours worked up to 40 in a single workweek.

39. Plaintiff seeks full compensation, including unpaid minimum wages, unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times her regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

40. Defendant is a for-profit corporation that operates and conducts business in, among others, Duval County Florida, and is therefore, within the jurisdiction of the Court.

41. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved education industry services and required Plaintiff to regularly process credit cards and virtually cross state borders while interacting with foreign banks. Plaintiff regularly received shipment of goods and materials (including alcohol) delivered to Defendant from out-of-state.

42. This action is brought under the FLSA to recover from Defendant unpaid minimum wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

43. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

44. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the alcohol industry.

Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

45. At all material times relevant to this action, Plaintiff in her capacity as a receptionist, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, bar tender, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

46. Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

47. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

48. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

49. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

50. However, Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

51. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51, above.

53. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

54. Plaintiff was an hourly, non-exempt employee.

55. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

56. Plaintiff regularly worked beyond 40 hours in a single workweek.

57. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

58. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

59. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

60. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 16th day of May, 2021.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com